### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| LEWIS & CLARK OUTDOORS, INC. | ) | |
| an Arkansas corporation | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No.:  5:07-cv-05164 |
| | ) | |
| L.C. INDUSTRIES, INC., an Illinois | ) | |
| Corporation | ) | |
| | ) | |
|     Defendant | ) | |

### PROTECTIVE ORDER

The parties have filed a Joint Motion for Protective Order, Document No. 39.  Plaintiff, Lewis & Clark Outdoors, Inc., and Defendant, L.C. Industries, Inc, recognize that confidential information will be produced pursuant to discovery requests and subpoenas served by the parties on each other and on third parties in connection with the above-captioned action, and wish to insure that such confidential information will not be disclosed, disseminated or otherwise divulged outside of the confines of this lawsuit;

IT IS THEREFORE HEREBY STIPULATED by and between the parties hereto, through their respective counsel, subject to approval of the Court, that a Protective Order as set forth hereinafter be entered.

IT IS HEREBY ORDERED THAT:

1.    If an Interrogatory answer or admission (hereinafter "discovery response"), or an exhibit, pleading, production document or any other document or thing, produced in response to a subpoena or otherwise contains information considered confidential by the producing party, person, or entity or a deposition transcript or other transcript of testimony contains information considered

confidential by a party or the testifying witness, then such information will be considered Confidential Information under this Order. Copies of such pleadings, discovery responses, exhibits, documents, things or transcripts shall be designated "CONFIDENTIAL" by any party or producing person or entity stating that there is Confidential Information therein (hereinafter the "designating party") prior to forwarding such copies to other parties in this litigation (hereinafter the "receiving parties"). With respect to documents and material produced prior to the entry of this Order, the designation of such documents and materials as "CONFIDENTIAL" shall have the same effect as if the designations were made subsequent to the entry of this Order. In the case of deposition or other testimony, each party to this action, and the third party whose deposition is taken, shall have fifteen (15) days, from the date the transcript becomes available, to inform the other of those portions of the deposition transcript or other testimony which are to be designed as "CONFIDENTIAL." During this fifteen-day (15) day period, the transcript shall not be disclosed by a receiving party to persons other than those persons named or approved according to Paragraph 4 herein to review documents or materials designated "CONFIDENTIAL" hereunder.

2. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been requested by the receiving party) shall be deemed "CONFIDENTIAL." If copies are thereafter requested, counsel for designating party shall appropriately designate which documents requested to be copied are to be considered confidential by marking same in accordance with the provisions of Paragraph 1 above.

3. All transcripts, exhibits, pleadings, discovery responses, production documents or things, and any other documents or things filed with the Court in this action which contain Confidential Information shall be maintained under seal by filing the same in the Clerk's Office in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and

docket number of this action, an indication of the nature of the contents of such sealed envelope or

other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope, containing documents which are filed in this case
> by [name of party], is not to be opened nor the contents thereof to
> be displayed or revealed except by order of the Court.

4. All Confidential Information which is obtained by a party during the course of this

proceeding shall be maintained subject to the following restrictions:

(a) It shall be used for the purposes of this proceeding only and not used or

disclosed for any other purpose whatsoever without the permission of the author of the document

or the party, person or entity producing it.

(b) Confidential Information shall not be given, shown, made available,

communicated in any way to, or utilized by anyone other than:

(i) the parties in this lawsuit;

(ii) attorneys for either party (including office personnel in the ordinary

course of assisting said attorneys, associates and paralegals, and to outside photocopy services if

engaged to perform services for counsel);

(iii) expert witnesses retained for the purposes of this lawsuit;

(iv) the Court, in any further proceeding herein; and

(v) such other persons as the designating party may, in writing, agree.

Any person granted access to Confidential Information shall be given a copy of this Order prior to

being shown any Confidential Information, and its provisions shall be explained to him/her by an

attorney. Each such person, prior to having access to any such Confidential Information, shall agree

not to disclose Confidential Information to anyone not authorized by this Order to have access to

Confidential Information and shall further agree not to make use of any such Confidential Information other than for purposes of this action.

5.     In the event that counsel for a receiving party finds it necessary to disclose a designating party's Confidential Information to persons other than those persons approved to receive such Confidential Information according to Paragraph 4, the receiving party's counsel shall, no less than fourteen (14) days in advance of such disclosure, notify the designating party's counsel in writing of: (a) the Confidential Information to be disclosed, (b) the person(s) to whom such disclosure is to be made; (c) the address and present employer of said person(s); and (d) past and present relationships, if any, with the receiving party or its counsel. The designating party's counsel shall have ten (10) days after receipt of such written notice within which to object in writing to such disclosure. In the event objection is made, no disclosure shall be made without further Order of the Court, upon the application of the receiving party.

6.     The restrictions provided for above shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

7.     Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege.   Such inadvertently produced documents shall be returned to the producing party upon request.

8.     Upon termination of this litigation, whether by final judgment after appeal or by settlement, each party and other person subject to the terms hereof shall be under an obligation to assemble and return to the designating party, or at the option of the receiving party to destroy, all materials and documents designated as Confidential Information, as well as any and all copies, summaries and abstracts thereof.

9.     This Order is without prejudice to the right of any party hereto to introduce

Confidential Information at a trial of this proceeding.

IT IS SO ORDERED this _30th_ day of _October_, 2008.

_____
UNITED STATES DISTRICT JUDGE

DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 3 0 2008

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK