IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| LEWIS & CLARK OUTDOORS, INC., an Arkansas corporation, <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> L.C. INDUSTRIES, INC., an Illinois corporation, <br><br> Defendant / Counter-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) Case No. 07-5164 <br> ) <br> ) Judge Robert T. Dawson <br> ) <br> ) Magistrate Judge James R. Marschewski <br> ) <br> ) |

## L.C. INDUSTRIES, INC.'S *DAUBERT* MOTION FOR EXCLUSION OF EXPERT TESTIMONY OF RACHEL BLUE RELATING TO LCI'S "UNCLEAN HANDS"

Defendant/Counter-Plaintiff L.C. Industries, Inc. ("LCI"), by and through its attorneys, Hall Estill and Freeborn & Peters LLP, move this Court, pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence, to enter an Order that excludes a portion of the expert testimony, reports, and opinions of Plaintiff/Counter-Defendant Lewis & Clark Outdoors, Inc.'s ("Plaintiff") expert witness, Rachel Blue, relating to LCI's "unclean hands." In support of this motion, LCI states as follows:

### INTRODUCTION

Plaintiff has disclosed Rachel Blue, a former United States Patent and Trademark Office ("USPTO") Examiner, to testify as an expert in this case. LCI does not move to exclude Ms. Blue's testimony and opinions relating to issues of USPTO processes. Instead, LCI only seeks the exclusion of Ms. Blue's opinions relating to LCI's "unclean hands," stated in Plaintiff's expert disclosures as "fraud upon the USPTO." (Pl.'s Expert Disclosures at 2, attached hereto as Exhibit A.)

As shown below, Ms. Blue fails to meet the basic standards to which experts are held under the Federal Rules of Evidence to render such opinions. Because of the many deficiencies in his work, LCI respectfully requests that the Court exclude the expert reports and testimony of Ms. Blue relating to "unclean hands" pursuant to *Daubert* and Rule 702.

## ARGUMENT AND AUTHORITIES

### I. THE LEGAL STANDARD FOR ADMISSIBILITY OF EXPERT TESTIMONY.

The admissibility of an expert's opinion is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods and (3) the witness has applied the principles and methods reliably to the facts of the case.[1]

Over the last fifteen years, the Supreme Court has issued an important series of opinions addressing the standard for the admissibility of experts and the obligations of the trial courts in applying them. *See Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

In *Daubert*, the Supreme Court provided a non-exhaustive list of factors for determining whether expert testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant

---

[1] Rule 702 was amended in 2000 in response to the *Daubert* decision and the cases applying *Daubert*. *See* Comments to Federal Rule of Evidence 702.

2

scientific community. *Daubert*, 509 U.S. at 593-94; *see also Kumho Tire*, 526 U.S. at 141 (holding that *Daubert's* factors apply to testimony based on technical and specialized knowledge, not just scientific knowledge). Additional relevant factors include "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Chism v. CNH America LLC*, No. 2:07CV00150 JLH, 2009 WL 890524, at *1 (E.D. Ark. Mar. 30, 2009).

Under *Daubert*, the trial court is charged with acting as a "gatekeeper" to make the preliminary determinations necessary to exclude "junk science." *See Daubert*, 509 U.S. at 589-90; *Kumho Tire*, 526 U.S. at 147-48; *Joiner*, 522 U.S. at 142. The trial court's "special obligation" to determine the relevance and reliability of an expert's testimony ensures accurate and unbiased decision-making by the trier of fact. *Kumho Tire*, 526 U.S. at 147. In discharging this duty, the Supreme Court has emphasized the "importance of *Daubert's* gatekeeping requirement ... to make certain that an expert ... employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

When defending against a *Daubert* challenge, many often do not want the trial court to look closely at what the expert has done and so fall back on the well-worn but erroneous arguments that consideration of the expert's conclusions are taboo, and that challenges to the details of the expert's methods or opinions go to the weight of the testimony rather than its admissibility. Both of these defenses fail. The Supreme Court in *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997), put to rest the first assertion by making the point that "conclusions and methodology are not entirely distinct from one another." The second point is easily dismissed

also by the case law and commentators. As Robert J. Shaughnessy stated in an article in the Fall, 2003 issue of *Litigation* magazine, the Supreme Court's command in *Daubert* that trial courts act as evidentiary "gatekeepers" repudiates the argument that it is an issue of weight. Shaughnessy wrote:

> By commanding attention to the reliability and "fit" of expert testimony, and by insisting that trial courts act as evidentiary gatekeepers as to such testimony, the Supreme Court effectively repudiated the canard that challenges to the details of an expert's methods or opinions inevitably went to the weight rather than the admissibility of the opinion.... *Daubert* instructed trial courts to take a hard, deep look at proffered expert opinion, and most federal judges have taken that direction quite seriously.

The Eighth Circuit "has been consistently loyal to the language of *Daubert*" and Rule 702. *Baxter v. Robinette Co.*, No. 5:04CV00222, 2005 WL 5988679, at *5 (E.D. Ark. Nov. 29, 2005). In applying *Daubert*, the Eighth Circuit provides that expert testimony must satisfy three requirements in order to be admissible: (1) evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact (the basic rule of relevancy); (2) the proposed witness must be qualified to assist the finder of fact; and (3) the proposed evidence must be reliable or trustworthy in an evidentiary sense so that if the finder of fact accepts the evidence as true it provides the assistance the finder of fact requires (the basic rule of reliability). *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

The role of a trial court is not to evaluate the conclusions or findings of an expert, but to ensure that the expert's methodology is generally based on principles that are tested and accepted in his profession. *Riley v. Target Corp.*, No. 05-00729, 2006 WL 1028773, at *4 (E.D. Ark. Apr. 13, 2006); *Polski v. Quigley Corp.*, 538 F.3d 836, 840 (8th Cir. 2008); *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296-97 (8th Cir. 1996). The court has an affirmative duty to bar

unreliable or unhelpful evidence from the courtroom, and must separate opinions based on "good grounds" from "subjective speculation that masquerades as scientific knowledge" *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001). An opinion is not admissible simply because a purported expert offers it. *J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 444 (8th Cir. 2001).

## II. RACHEL BLUE'S TESTIMONY, REPORTS, AND OPINIONS RELATING TO LCI'S "UNCLEAN HANDS" ARE NOT ADMISSIBLE.

Plaintiff should be barred from making any reference to, or introducing any testimony from Ms. Blue relating to LCI's purported "unclean hands" because: (1) such testimony constitutes impermissible expert opinion on a question within the province of the Court; (2) her opinions are not connected to anything other than her own experience as a lawyer; and (3) she is attempting to reach a conclusion that is the jury's to decide.

### A. Legal Issue Opinions.

Experts are not permitted to opine on legal issues. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (experts not permitted to give legal conclusions - opinion as to "cause of the accident" properly excluded); *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) ("It is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge."). *See also Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 774 F.2d 214, 216 (7th Cir. 1985) (*citing Marx* with approval); *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (Expert testimony is limited to factual conclusions: "an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn from applying the law to the facts.").

In *Fargarazzo v. Lehman Brothers,* No. 03 Civ. 5194(SAS), 2005 WL 361205 (S.D.N.Y. Feb. 16, 2005), the court addressed the dilemma posed by legal opinions presented as expert testimony as follows:

> It is well-established that the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence. Nonetheless, [i]n evaluating the admissibility of expert testimony, [the Second Circuit] requires the exclusion of testimony [that] states a legal conclusion. Indeed, [t]his circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion. The law of this circuit is that while an expert may provide an opinion to help a jury or judge understand a particular fact, he may not give testimony stating ultimate legal conclusions based on those facts.

*Fargarazzo*, 2005 WL 361205, at *1 (internal citations and quotations omitted). In another New York case, the court opined that the rule against such testimony is universal and cited cases from every Federal Circuit Appellate Court, including the Eighth Circuit. *See In re Initial Public Offering Securities Litig.*, 174 F. Supp. 2d 61, 64-65 (S.D.N.Y. 2001) ("The rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle."); *see also Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (holding that it was an abuse of discretion to allow testimony that was not a fact-based opinion, but a statement of legal conclusion.

The "unclean hands" defense is an issue of equity for the court to decide. See 6 McCarthy on Trademarks and Unfair Competition § 31:56. Accordingly, any testimony or opinions of Ms. Blue on that subject should be excluded.

**B.      Unconnected Opinions Based Only On Own Experience.**

6

Ms. Blue offers her opinions on LCI's "unclean hands" based only on her own experience as a lawyer. The law is clear, however, that experience standing alone is not a "sufficient foundation rendering reliable any conceivable opinion the expert may express." *Unleashed Magazine, Inc. v. Orange County, Fla.*, No. 6:06-cv-1690-Orl-28GJK, 2008 WL 4304883, at *9 (M.D. Fla. Sept. 16, 2008). The court "is required to ensure that the expert's opinion, even if formed based on considerable experience and expertise, is supported by more than the expert's word and that there are 'good grounds based on what is known.'" *Id.* at *10 (quoting *Daubert*, 509 U.S. at 590).

Rule 702 provides: "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. FED. R. EVID. 702 advisory committee's notes (2000 amends.); s*ee also Pulice v. Smith & Nephew Richards, Inc.*, No. CIV. 97-2080, 1999 WL 613370, at *5 (W.D. Ark. Mar. 29, 1999) (excluding proffered expert's opinions because they were "unsubstantiated and little more than subjective belief and unsupported speculation," and reliant upon "nothing more than litigation reports and lawyer-prepared summaries"). Ms. Blue has not explained how any of her experience as a USPTO Examiner or lawyer forms a sufficient basis for her opinion, or renders it anything but an impermissible opinion on an issue within the province of the Court.

Furthermore, Ms. Blue's opinions on the unclean hands issue have no connection to this case, as the circumstances surrounding the issue concern LCI's alleged interactions with a third party, Mahco. The basis for Plaintiff's unclean hands contention are letters of protest and arguments presented to the USPTO regarding LCI's trademarks that are not legally binding upon LCI, do not legally bind LCI to those positions, and do not have any bearing on the case at bar.

As such, her testimony on LCI's "unclean hands" should be excluded.

### C. Reaches Conclusions That Are Jury's To Decide.

Finally, Ms. Blue's proffered expert testimony on LCI's "unclean hands" attempts to reach a conclusion that is strictly within the province of the jury, namely, she attempts to offer a conclusion regarding likelihood of confusion between LCI's and Plaintiff's respective trademarks. *See Highland Capital Mgmt., L.P. v. Schneider,* 379 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2005) ("Whatever expertise O'Shea may possess, no expert may 'supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence'") (citation omitted).

It is well-established in the Eighth Circuit that "[a]lthough an expert opinion is not inadmissible merely 'because it embraces an ultimate issue to be decided by the trier of fact,' not all expert opinions are admissible. Opinions that are 'phrased in terms of inadequately explored legal criteria' or that 'merely tell the jury what result to reach' are deemed not helpful to the jury, and thus, are not admissible under Rule 702." *U.S. v. Whitted,* 11 F.3d 782, 785 (8th Cir. 1993) (internal citations omitted); *In re Dow Corning Co.,* 335 F.3d 742, 751-52 (8th Cir. 2003) (same).

On top of the fact that Ms. Blue is attempting offer an improper opinion, it is not even appropriately based upon all facts available or her own investigation, but rather is based on the "facts" that were provided to her by Plaintiff's counsel. Thus, Ms. Blue wishes to usurp the jury's role without even being exposed to the complete picture that the jury will be able to consider. Here, Ms. Blue's opinions on LCI's "unclean hands" are more or less conclusions about the facts of the case. When the expert opinions are little more than legal conclusions, a

8

district court should not be held to have abused its discretion by excluding such statements. *See United States v. Ingle,* 157 F.3d 1147, 1152 (8th Cir. 1998).

At a minimum, Ms. Blue should not be allowed to offer any opinion that includes the "facts" provided to her by Plaintiff's counsel, and should be limited to offering an opinion based upon only those facts that would be before a USPTO official.

## **CONCLUSION**

Accordingly, for all of the reasons set forth above, this Court should enter an Order that excludes the portion of expert testimony, reports, and opinions of Ms. Blue relating to LCI's "unclean hands" affirmative defense at trial pursuant to *Daubert* and Rule 702.

Dated:  June 29, 2009

Respectfully submitted,

L.C. Industries, Inc.

/s David L. Ter Molen
_____
Curtis E. Hogue, Bar # 80061
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
75 N. East Ave., Ste. 402
Fayetteville, AR  72701
Phone: (479) 973-5200 / Fax: (479) 973-0520

Robert P. Fitz-Patrick, OBA #14713
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 400
Tulsa, OK  74103-3708
Phone (918) 594-0400 / Fax (918) 594-0505

Jennifer L. Fitzgerald
David L. Ter Molen
John C. Hammerle
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois  60606
Phone: (312) 360-6000 / Fax: (312) 360-6596

**ATTORNEYS FOR DEFENDANT,
L.C. INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed and served electronically on this 29th day of June, 2009 through the CM/ECF system upon the counsel listed below by electronic mail and via first class U.S. Mail.

| | |
|---|---|
| Terry W. Tippens<br>Dennis D. Brown<br>Fellers, Snider, Blankenship, Bailey & Tippens, P.C.<br>321 South Boston, Suite 800<br>Tulsa, Oklahoma  74103-3318<br>Email: TTippens@fellerssnider.com | Joseph P. McKay<br>Friday, Eldredge & Clark<br>Attorneys At Law<br>400 West Capitol, Suite 2000<br>Little Rock, AR 72201<br>Email: JMckay@fec.net |

10

DBrown@fellerssnider.com

                              /s David L. Ter Molen_____

                              David L. Ter Molen

1852789v1/25349-0003

11