IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

L.C. INDUSTRIES, INC.                                    COUNTER-PLAINTIFF

    v.             Case No. 07-5164

LEWIS & CLARK OUTDOORS, INC.,                            COUNTER-DEFENDANT

## **PRETRIAL ORDER**

Before the Court are Counter-Plaintiff L.C. Industries's Motions in Limine (Doc. 72-76, 130), Counter-Plaintiff's Motion to Strike (Doc. 77, 85, 86), Counter-Defendant Lewis & Clark Outdoors, Inc.'s Motion in Limine (Doc. 68), and Kevin Fendley's Motion to Quash Subpoena (Doc. 124).

### A. Counter-Defendant's Motion in Limine

In parts I-III of Counter-Defendant's Motion in Limine, Counter-Defendant seeks to exclude testimony that is intended to reflect evidence of actual confusion as hearsay and speculation. The Court does not consider a report of someone else's confusion to be hearsay since the confused person's words are not being used for the truth of the matter asserted, but to demonstrate confusion. The declarant has personal knowledge of the confusion. Testimony that a witness heard of another instance of confusion heard by one other than the witness is hearsay, and will not be admitted. The testimony of Michael Smerling and Jacob Rothman will not be excluded, but Counter-Defendant is

free to renew its objections at trial. Raymond Roos may not testify concerning evidence of actual confusion that he heard about from another source.

Part IV of Counter-Defendant' Motion seeks to exclude the testimony of Dr. Calder. It appears to the Court that Dr. Calder possesses knowledge that will aid the trier of fact, and he will be allowed to testify on his factual knowledge. The Court is concerned whether Dr. Calder based his expert opinions on sufficient facts or data or used reliable methods and principles. As such the Court will not qualify him as an expert at this time. However, this ruling does not preclude Counter-Plaintiff from attempting to qualify Dr. Calder as an expert at trial.

In Part V-VI of its Motion, Counter-Defendant seeks to exclude evidence of settlement negotiations and evidence of discovery disputes. As Counter-Defendant does not specify what evidence it wants excluded, these parts of the Motion are Denied, but the Court admonishes the parties that evidence of settlement negotiations are not admissible.

**B. Counter-Plaintiff's Motions in Limine**

In its First Motion in Limine (Doc. 72), Counter-Plaintiff seeks to exclude certain prior submissions to the trademark office. Counter-Plaintiff does not specify what these certain submissions are. As submissions to the trademark office may be

relevant admissions, the Court will not categorically exclude them. Counter-Plaintiff's First Motion in Limine is **DENIED**.

In its Second Motion in Limine (Doc. 73), Counter-Plaintiff seeks to exclude the testimony of Greg Spragg and Greg Shoenfeld. This Motion (Doc. 73) is **DENIED AS MOOT**.

In its Third Motion in Limine (Doc. 74), Counter-Plaintiff seeks to prevent Counter-Defendant from arguing that there is "no proven harm" to Counter-Plaintiff. Counter-Plaintiff does not specify what evidence it seeks to exclude. As this realm of argument may be relevant for damages and evidence of actual confusion the Court will not categorically exclude arguments of "no proven harm." Counter-Plaintiff's third Motion in Limine is **DENIED**.

In its Fourth Motion in Limine (Doc. 75), Counter-Plaintiff seeks to prevent Counter-Defendant from taking any position contrary to its allegations in this case and contrary to a position it took in a previous case. Counter-Plaintiff does not specify what positions or arguments it seeks to exclude. Counter-Plaintiff implicitly argues that the contents of a pleading are forever binding in all future lawsuits. Counter-Plaintiff's cited authority does not support this proposition. Counter-Plaintiff's Fourth Motion in Limine (Doc. 75) is **DENIED**.

In its Fifth Motion in Limine (Doc. 76), Counter-Plaintiff seeks to exclude evidence or argument as to certain

**AO72A**
**(Rev. 8/82)**

"limitations" of Counter-Plaintiff's trademarks. It is unclear what specific evidence Counter-Plaintiff seeks to exclude. Also, evidence relating to Counter-Plaintiff's usage of its trademarks is relevant evidence. Counter-Plaintiff's Fifth Motion in Limine (Doc. 76) is **DENIED**.

In its Sixth Motion in Limine, (Doc. 130), Counter-Plaintiff seeks to Bar Evidence or Argument Regarding Settlement Negotiations. The Court agrees that evidence of settlement negotiations is inadmissable, but will reserve any rulings as to what specific statements are inadmissable until the time of trial. Counter-Plaintiff's Sixth Motion in Limine is therefore **GRANTED IN PART AND DENIED IN PART.**

**C. Counter-Plaintiff's Motions to Strike**

Counter-Plaintiff seeks to exclude the testimony of Counter-Defendant's expert J. Stephan Holcomb (Doc. 77) on five grounds: (1) the brevity of his report, (2) his opinion is unhelpful to the trier of fact, (3) the basis of his report, (4) faulty methodology, and (5) the fact that his opinion embraces the ultimate issue. It appears to the Court that Holcomb possesses knowledge that will aid the trier of fact, and he will be allowed to testify on his factual knowledge. The Court is concerned whether Holcomb based his expert opinions on sufficient facts or date or used reliable methods and principles. As such the Court will not qualify him as an expert

AO72A
(Rev. 8/82)

at this time. However, this ruling does not preclude Counter-Defendant from attempting to qualify Holcomb as an expert at trial. Counter-Plaintiff's Motion to Strike Holcomb (Doc. 77) is **GRANTED IN PART AND DENIED IN PART**.

Counter-Plaintiff seeks to Strike Testimony of Monty Myers and Rachel Blue (Doc. 85, 86). It is the understanding of the Court that the issues have been resolved by the parties and these Motions (Doc. 85, 86) are **DENIED AS MOOT**.

### D. Kevin Fendley

As Mr. Fendley was disclosed as a witness after the deadline, the Court is disinclined to allow his testimony. Should Counter-Plaintiff desire to put forth an offer of proof they may do so. The Court will reserve ruling on the Motion to Quash pending discussions between Fenley's attorney and Counter-Plaintiff.

### E. Correspondence, Purchase Orders and Checks

Counter-Plaintiff seeks to admit certain correspondence, purchase orders and checks it received that referred to "Lewis & Clark" or "Lewis and Clark" as opposed to "Lewis N. Clark". Counter-Defendant objects to their admission contending the evidence is unreliable hearsay and does not constitute evidence of consumer confusion. *Duluth News-Tribune v. Mesabi Pub. Co.*, 84 F.3d 1093 (8th Cir. 1996). The Court finds Counter-Defendant's objection should be sustained and these exhibits are

AO72A
(Rev. 8/82)

inadmissible.

**F. Conclusion**

Counter-Defendant's Motion in Limine (Doc. 68) is **GRANTED IN PART AND DENIED IN PART**. Counter-Plaintiff's first five Motions in Limine (Doc. 72-76) are **DENIED,** but the sixth (Doc. 130) is **GRANTED IN PART AND DENIED IN PART**. Counter-Plaintiff's first Motion to Strike (Doc. 77) is **GRANTED IN PART AND DENIED IN PART.** Counter-Plaintiff's remaining Motions to Strike (Doc. 85, 86) are **DENIED AS MOOT.**

IT IS SO ORDERED this 24th day of July, 2009.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)