IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEWIS & CLARK OUTDOORS, INC.          PLAINTIFF/COUNTER-DEFENDANT

    v.                    Case No: 5:07-cv-5164

L.C. INDUSTRIES, INC.                  DEFENDANT/COUNTER-PLAINTIFF

## ORDER

Now before the Court are Plaintiff/Counter-Defendant Lewis & Clark Outdoors, Inc.'s (Outdoors) Motion and Supplemental Motion for Attorney Fees (Docs. 146 & 152) and Motion for Declaratory Judgment (Doc. 147). Also before the Court are Defendant/Counter-Plaintiff L.C. Industries, Inc.'s (LCI) responses (Docs. 150-51, 154). On October 23, 2009, the Court held a hearing on these motions and permitted counsel for the parties to present additional argument to the Court.

On July 22, 2009, five days before trial, the Court permitted Outdoors to voluntarily nonsuit its claims against LCI for trademark infringement over LCI's objection but found the statements made in prior pleadings in connection with those claims were admissible at trial as evidentiary admissions (Doc. 133). The Court denied Outdoors' Motion for Summary Judgment as to LCI's counterclaim for trademark infringement finding a genuine issue of material fact as to the likelihood of confusion. The Court further denied Outdoors' motion as to

Defendant's Counterclaim for False Designation of Origin, False Advertising and Unfair Competition but granted the motion as to LCI's Counterclaim for Trademark Dilution. The Court also granted LCI's Motion for Summary Judgment as to Outdoors' claims for Deceptive Trade Practices, Unfair Competition, False Registration and Tortious Interference.

When the matter proceeded to trial on July 27, 2009, the only remaining claim asserted by Outdoors was for a declaratory judgment. Accordingly, the trial proceeded with LCI presenting its Counterclaims for Trademark Infringement, False Designation of Origin, False Advertising and Unfair Competition. On July 30, 2009, the case was submitted to the jury on three interrogatories. The jury reached a unanimous verdict as to the first interrogatory, therefore, they were instructed not to answer the remaining two interrogatories. The jury completed Interrogatory No. 1 as follows:

> **DO YOU FIND THAT LEWIS & CLARK OUTDOORS USED A SIMILAR MARK WITHOUT THE CONSENT OF L.C. INDUSTRIES IN A MANNER THAT IS LIKELY TO CAUSE CONFUSION AS TO THE ORIGIN OF THAT PERSON'S GOODS OR SERVICES OR THAT PERSON'S AFFILIATION, CONNECTION OR ASSOCIATION WITH ANOTHER PERSON?**
>
> **YES** ___
> **NO** _√_

Outdoors now moves the Court to award it attorney fees and costs as it contends it was the prevailing party at trial and that this was an "exceptional" case as contemplated by the Lanham Act. LCI denies both contentions and asks the Court to

deny Outdoors' requests for fees and costs. Outdoors also requests the Court enter a declaratory judgment in its favor based upon the jury verdict, however, the parties are in disagreement as to the scope and wording of any declaratory judgment.

The Lanham Act provides that the Court "in exceptional cases may award reasonable attorney fees to the prevailing party." See 15 U.S.C. 1117(a). In *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863 (8th Cir. 1994), the Eighth Circuit Court of Appeals discussed what was an "exceptional" case for purposes of awarding fees under the Lanham Act. The Court stated:

> Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party. We have held that an exceptional case is one in which the plaintiff's action was groundless, unreasonable, vexatious, or pursued in bad faith. *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987). The Seventh Circuit recently described exceptional behavior in this context to be "malicious, fraudulent, deliberate, or willful." *Badger Meter, Inc. v. Grinnell, Corp.*, 13 F.3d 1145, 1159 (7th Cir. 1994). Succinctly put, an exceptional case within the meaning of Section 35 is one in which one party's behavior went beyond the pale of acceptable conduct.

*Id*. at 877. Where there is some evidence in the record to support the claims of the non-prevailing party, the case is not exceptional. *See Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996).

Outdoors contends that LCI's conduct "was oppressive, coercive and even brought in bad faith." Outdoors further states that LCI "asserted groundless infringement claims and

threatened suit, not to adjudicate its trademark claim, but to coerce [Outdoors] into sharing its profits."

The Court finds that LCI's actions were not oppressive and that its Counterclaims were not so lacking in merit as to fall within the "exceptional" case standard as contemplated by the Lanham Act. The Court denied Outdoors' Motion for Summary Judgment as to these counterclaims finding that there were genuine issues of material fact as to whether a likelihood of confusion existed. Further, Outdoors brought suit against LCI thereby compelling LCI to assert any compulsory counterclaims. Finally the Court dismissed all of Plaintiff's claims against LCI prior to trial save for its declaratory judgment claim. This was a hard-fought, contentious case from both sides. However, aggressive representation and litigation does not bring this matter into the "exceptional" case contemplated by the Lanham Act. Accordingly, Outdoors' Motion and Supplemental Motion for Attorney Fees are DENIED.

Outdoors also seeks $61,384.52 in taxable costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. LCI objects to any award of costs contending Outdoors was not the prevailing party.

Rule 54(d)(1) provides, in pertinent part, that:

> ...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

Fed. R. Civ. P. 54(d)(1). A district court has substantial

discretion in awarding costs to a prevailing party. *See Greaser v. State, Dept. of Corrections*, 145 F.3d 979 (8th Cir. 1998). Where each of the parties has prevailed on one or more of its claims, defenses or counterclaims, the district court has broad discretion in taxing costs. *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279 (8th Cir. 1980)(citation omitted).

It is clear from the testimony and evidence set forth in the pleadings, as well as during the trial, that both sides spent a tremendous amount of time, money and effort in both prosecuting and defending their respective claims. LCI succeeding in obtaining summary judgment in its favor on several of Outdoors' claims, to include the tortious interference claim which appeared to be the crux of Outdoors' complaint against LCI. Likewise, Outdoors successfully defended against LCI's trademark infringement claim at trial and prevailed on its declaratory judgment claim to the extent set forth in this order. Based upon the comparative success of both parties in this action, the Court finds it equitable and appropriate to deny Outdoors' request for its costs and order both parties to bear their own costs of this litigation. Accordingly, Outdoors' Motion and Supplemental Motion for Costs is DENIED.

Outdoors moves the Court to enter a declaratory judgment in its favor based upon the jury's verdict of non-infringement in connection with LCI's trademark infringement counterclaim. Outdoors submitted a proposed judgment (Doc. 147-1) which seeks

**AO72A**
**(Rev. 8/82)**

a declaration that Outdoors did not infringe upon LCI's mark by Outdoors' use of its retail service mark or any products sold within its stores whether branded with the Lewis & Clark Outfitters logo or any other manufacturer's brand labeled with Lewis & Clark Outfitters labels. Outdoors further seeks a declaration that LCI abandoned its original word mark. LCI contends any declaration of non-infringement should be limited to the jury's finding that Outdoors' use of the mark "Lewis & Clark Outfitters" in connection with retail services at its two stores was not likely to cause confusion with respect to travel accessories and other products sold by LCI under the mark "Lewis N. Clark."

Throughout the pendency of this action and during the trial, Outdoors maintained that there could be no likelihood of confusion between LCI's Lewis N. Clark mark and Outdoors' use of Lewis & Clark Outfitters as Outdoors used its name in connection with its operation of retail stores while LCI's mark was used as its brand of travel accessories. Accordingly, the Court finds that the jury's verdict of non-infringement should be so limited in the declaratory judgment. Further, as Outdoors submits the Eighth Circuit Court of Appeals has not addressed the issue of whether abandonment of a trademark is a question of fact for the jury or a question of law for the Court to decide. The Court submitted an abandonment instruction to the jury, but as a result of its finding of non-infringement the jury was not

**AO72A**
**(Rev. 8/82)**

required to reach the issue, and the Court declines to do so now.

The Court finds that Outdoors' Motion for Declaratory Judgment should be GRANTED to the extent that a judgment will be entered finding that Outdoors' use of Lewis & Clark Outfitters in connection with its operation of its retail stores is not likely to cause confusion with and does not infringe on LCI's use of its mark "Lewis N. Clark" in connection with its brand of travel accessories and other products sold under that mark.

Accordingly, Outdoors' Motion and Supplemental Motion for Attorney Fees and Costs are DENIED, and its Motion for Declaratory Judgment is GRANTED.  A final judgment will be entered contemporaneously with this order.

IT IS SO ORDERED this 27th day of October 2009.

> /s/Robert T. Dawson
> Honorable Robert T. Dawson
> United States District Judge